UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

October 15, 2024

**LETTER ORDER**

Re:  Rhonda P. v. Martin O'Malley, Commissioner, Social Security Administration
     Civil Case No. SAG-24-0178

Dear Counsel:

On January 19, 2024, Plaintiff Rhonda P. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. I have considered the record in this case (ECF No. 7) and the parties' briefs (ECF Nos. 8, 9, 11). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") on February 26, 2021, alleging a disability onset of April 25, 2019. Tr. 81-82, 212. Plaintiff's claims were denied initially and on reconsideration. Tr. 81, 92. On February 8, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 39-59. Following the hearing, on May 1, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 14-32. The Appeals Council denied Plaintiff's request for review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged

---

[1] 42 U.S.C. §§ 301 et seq.

period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since April 25, 2019, the alleged onset date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "osteoarthritis, a pulmonary embolism, obesity, a major depressive disorder, and a generalized anxiety disorder." Tr. 20. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "diabetes mellitus, sleep apnea, hypertension, a positive HIV status, and narcolepsy," and from the non-medically determinable impairment of fibromyalgia. Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant could occasionally climb ramps and stairs, but never ladders, ropes, and scaffolds; could frequently balance, but only occasionally stoop, kneel, crouch, and crawl; could have occasional exposure to changes in the routine work setting; and must not engage in work requiring a strict production rate, such as assembly line work or hourly quotas.

Tr. 26. The ALJ determined that Plaintiff was able to perform past relevant work as a receptionist (DOT[2] #237.367-038) as actually and generally performed. Tr. 32. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff's overarching argument on appeal is that the ALJ "failed to accept and include or reject and explain why he was not including in the RFC determination the functional limitations contained in medical source opinions which he deemed persuasive." ECF No. 8, at 3-9; ECF No. 11, at 2-8. Defendant counters that substantial evidence supports the ALJ's RFC determination, specifically that the ALJ applied the correct legal standards and analyzed the relevant evidence. ECF No. 9, at 5-15.

For the reasons explained below, the Court agrees with Plaintiff that the ALJ improperly rejected certain opined limitations in evaluating the RFC. A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996).

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)). Maintaining concentration, persistence, and pace ("CPP") concerns "the abilit[y] to focus attention on activities and stay on task age appropriately." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). Adapting or managing oneself concerns "the ability[y] to regulate emotions, control behavior, and maintain well-being in a work setting." *Id.* § 12.00(E)(4). A "moderate" limitation in both categories means that a claimant's ability to sustain CPP or adapt and manage oneself "independently, appropriately, effectively, and on a sustained basis is fair." *Id.* § 12.00(F)(2)(c).

Specific to a limitation in the functional area of CPP, an ALJ must then expressly account for such limitation, or explain why no limitation exists, in the function-by-function analysis.[3] *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th

---

[3] Regarding a limitation in adapting and managing oneself, the directives of *Mascio* do not necessarily apply beyond the CPP context to the other functioning areas. *See Kimberly B. C. v. Kijakazi*, No. 22-617, 2023 WL 4974033, at *5 (M.D.N.C. Aug. 3, 2023) (stating that it remains unclear whether *Mascio* applies to "limitations in broad functional areas other than CPP.").

Cir. 2020). An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations. *See Mascio*, 780 F.3d at 638; *Shinaberry*, 952 F.3d at 121–22. However, an ALJ may accommodate a claimant's moderate CPP limitations by assigning persuasive value to a medical opinion that "provide[s] substantial support for" the ALJ's CPP-related RFC provisions. *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017).

Plaintiff argues that the ALJ, in finding Dr. Sagawa's opinion persuasive, should have included, or explained why they did not include, Dr. Sagawa's opined limitation that Plaintiff "is prone to becoming overwhelmed and, for this reason, is best if any changes are simple and implemented gradually." ECF No. 8 at 5-6 (citing Tr. 89). Plaintiff maintains that the RFC's limitation to occasional exposure to changes is distinct from Dr. Sagawa's limitation to simple changes, implemented gradually. *See* ECF No. 8 at 6-7. The Court finds this argument dispositive.

Here, remand is warranted because the Court is unable to discern the ALJ's rationale for finding that Plaintiff could have occasional exposure to changes in the routine work setting, without further restriction in the pace or nature of those changes. At step three, the ALJ concluded Plaintiff had a moderate CPP limitation and a moderate limitation in adapting or managing oneself. Tr. 25. In assessing Plaintiff's RFC, the ALJ considered the opinion of Dr. Sagawa, who determined that Plaintiff had a moderate CPP limitation and a moderate limitation in her ability to adapt or to manage herself. Tr. 30, 85. The ALJ noted that Dr. Sagawa opined Plaintiff was "moderately limited" in her ability to maintain attention and concentration for extended periods, complete a normal workday/workweek without interruption from her psychologically based symptoms, and respond to changes in the work setting. Tr. 30, 89. Dr. Sagawa also found that Plaintiff was "moderately limited" in her ability to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 89. Dr. Sagawa further opined that Plaintiff "is prone to becoming overwhelmed and, for this reason, is best if any changes are simple and implemented gradually[,]" noting that Plaintiff's mental health symptoms "make her vulnerable to fluctuant performance in long-term indices and in adapting to frequent changes." Tr. 90. The ALJ found Dr. Sagawa's opinion persuasive, concluding that Plaintiff's "medical records corroborate th[is] opinion[,]" and the opinion is "generally consistent with the evidence[.]" Tr. 30.

However, the ALJ's RFC determination states Plaintiff "could have occasional exposure to changes in the routine work setting; and must not engage in work requiring a strict production rate, such as assembly line work or hourly quotas." Tr. 26. The ALJ noted that Plaintiff's "depression and anxiety were accommodated by precluding [Plaintiff's] exposure to work setting changes and assembly line type work." Tr. 31. As Plaintiff correctly asserts, the limitation to occasional exposure to changes "only restricts the duration of the workday that [Plaintiff] would tolerate exposure to changes," not whether those changes are implemented gradually. *See* ECF No. 8, at 6-7; ECF No. 11, at 5-6.

To be sure, the ALJ was "not required to accept all of the conclusions and limitations set forth in a medical source opinion." *Calvert v. Kijakazi*, No. 5:21-1358-KDW, 2022 WL 2800907, at *7 (D.S.C. July 18, 2022); *see Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir.

2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a [source's] opinions verbatim; nor is the ALJ required to adopt the [source's] limitations wholesale."). However, the ALJ *was* required to explain how the mental limitations in the RFC accurately reflect Plaintiff's mental abilities. *See* SSR 96-8p, 1996 WL 374184, at *7. The Court finds that the ALJ's RFC provision that Plaintiff "could have occasional exposure to changes in the routine work setting" conflicts with Dr. Sagawa's opined limitation to simple changes, implemented gradually. In contravention of SSR 96-8p, the ALJ provided no explanation for the conflict between Dr. Sagawa's persuasive opinion and Plaintiff's RFC. *See id.* ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Moreover, SSA regulations require the ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* The ALJ's failure to do so "frustrate[s] meaningful review" of the ALJ's decision and necessitates remand for further explanation. *Mascio*, 780 F.3d at 636 (citation omitted).

The Court finds that this error is not harmless because the ALJ's failure to explain the conflict between the RFC and Dr. Sagawa's opined limitation affected their subsequent conclusions, warranting remand. At step four, the ALJ found Plaintiff capable of performing her past relevant work as a receptionist, described as semi-skilled (SVP 4). Tr. 32; *see* DOT #237.367-038, Receptionist, 1991 WL 672192 (1991) (describing this job as requiring "Level 3" reasoning, which entails the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations."). Plaintiff asserts that, because work as a receptionist is semi-skilled, it "would not be 'simple,' nor would it involve changes that were implemented gradually." ECF No. 8, at 7. The Court finds this argument availing. Specifically, the Court is concerned by the ALJ's very sparse discussion of Plaintiff's past work as a receptionist, further frustrating meaningful review. For example, Plaintiff testified that she worked as a receptionist but that "receptionist wasn't really [her] job title but that's what [she] pretty much did." Tr. 53. She testified that her work as a receptionist entailed being "behind a desk in a lobby," as well as "some other things to do on the computer or things that he would ask me to do." Tr. 53, 56. The ALJ asked the vocational expert ("VE") if an individual "who can have occasional changes in a routine work setting," along with other limitations, would be able to perform Plaintiff's past work, to which the VE testified that Plaintiff could perform past relevant work as a receptionist. Tr. 55-58. No other questions were posed to the VE regarding limiting changes in the workplace. Defendant is correct that Plaintiff failed to question the VE on whether a person with "what [Plaintiff] claims to be more-restrictive limitations suggested by Dr. Sagawa," could perform her past work as a receptionist. ECF No. 9, at 8-9 n. 4. However, the Court is unable to determine that substantial evidence supports the ALJ's conclusion that Plaintiff is capable of past relevant semi-skilled work given the sparse record about what Plaintiff's receptionist-like role entailed.

Here, the ALJ's failure to include an explanation regarding the RFC's conflict with Dr. Sagawa's persuasive opinion frustrates meaningful review of the ALJ's decision that Plaintiff can perform past relevant semi-skilled work. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 389 (4th Cir. 2021) (stating that when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to perform such an analysis is appropriate). Upon

a proper evaluation of Plaintiff's RFC, an ALJ may find that Plaintiff lacks the ability to perform her past relevant work as a receptionist. Given the ALJ's lack of explanation regarding the conflict between the RFC and Dr. Sagawa's persuasive opined limitations, as well as the lack of record evidence regarding Plaintiff's ability to perform past relevant work, the Court is "left to guess" how the ALJ determined that Plaintiff could have occasional exposure to changes in the routine work setting. *Mascio*, 780 F.3d at 637. As such, remand is warranted.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge